No. 331

PENN. TRUST CO. v. BRAND ELECT. CO.
No. 19010—Supreme Court

Motion to direct Hamilton Appeals to certify. Dock. March 10, 1925, 3 Abs. 162.

1277. WORDS AND PHRASES—Does "all claims to be made within 24 hours for defective goods," marked on shipment mean 24 hours after discovery of defect?

In April 1920, the Pennsylvania Glass & Mfg. Co., through a sales agency, sold an order of glassware to the Brand Electrical Supply Co. The entire order was shipped and delivered, delivery being made at various times between October and December 1920. The claim of the Glass Co. through the Pennsylvania Trust Company of Pittsburgh, the trustee in bankruptcy, is for $2657, the amount of the order. The Brand Co. set forth in an answer in the Hamilton Common Pleas that the goods were examined and inspected and were found to be unmerchantable and unmarketable, and that they were off in color, pattern and in workmanship.

The Trust Co. claimed that some of the merchandise had been in possession of the Brand Co. for over two months before a letter was sent to the sales agent in Chicago, complaining of the merchandise. It was shown that 18 barrels of the goods had been sold by the Brand Co. and was not in possession of it at the time of the trial.

The trial resulted in a verdict for the Brand Co. Error was prosecuted and the Trust Co. contended that the invoice with each shipment was marked that "all claims to be made within 24 hours, for defective goods", and that the lower court charged that Brand was not bound to send the notice until he knew the defects existed. The Court of Appeals affirmed the judgment of the Common Pleas.

The case is brought to the Supreme Court and the Trust Co. contends that there has been error in the admission of certain evidence as of trade customs, and as to what a sales agent had said as to quality of goods sold, he not being the seller, under 8430 GC, and the

Court erred in its charges to the jury.

Attorneys—Edw. H. Brink and W. F. Fox for Trust Co.; Jas. G. Stewart and H. C. Bolsinger for Brand Co.; all of Cincinnati.

---

No. 332

STRASBURGER, Will of, In re
No. 18970—Supreme Court

Motion to direct Wood Appeals to certify. Dock. Feb. 20, 1925, 3 Abs. 130.

1271. WILLS—Is a will relating to personal property, valid, when executed in accordance with laws of a foreign state wherein testator was domiciled, and which required less number of witnesses than in Ohio to where testator removed subsequent to execution of will?

The will of Jacob Strasburger was taken to the Wood Probate Court by Abraham, Lester and Ivan Strasburger, brother and nephews of the testator to have probated. It was claimed that Jacob Strasburger executed a will when he resided in Washington, D. C. in which Abraham, Ivan and Lester Strasburger were named as the devisees. The testator left no widow and died without issue. One attesting witness was there required by law at the time the will was executed, it being in 1893. Such law was changed in 1902.

When Jacob Strasburger came to Ohio and when he died, Victor, Irwin, and Howard Strasburger, another brother, and two other nephews claimed that Jacob Strasburger died intestate, and they, so they claim, were therefore his heirs at law. The Probate Court refused to probate the will and adjudged that the testator died intestate, leaving Victor, Irwin and Howard Strasburger as the heirs at law. The decision was affirmed by the Court of Appeals and the case is brought to the Supreme Court for the purpose of reversing the lower courts and allowing the will to be probated

The sole question presented is whether a will relating to personal property and. executed in accordance with the laws of a district or territory in which the testator at the time of its execution resided, is a valid will in Ohio when according to the laws of said district only one attesting witness was required and there was only one such witness to said instrument.

Attorneys—Simon, Koenigsburger and Young, Washington, D. C., and N. R. Harrington, Bowling Green, for Abraham Strasburger et; Edw. M. Fries, Bowling Green, and Mulholland and Hartmann, Toledo, for Victor Strasburger et.